UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLEAR SKIES NEVADA, LLC,

    Plaintiff,

v.                                                                                        Case No:   6:15-cv-1987-Orl-31TBS

ALEC REECE,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction against Defendant Alec Reece (Doc. 28).  After due consideration, I respectfully recommend that the motion be **GRANTED in part** and **DENIED in part**.

### I. Background

Plaintiff Clear Skies Nevada, LLC, a Nevada limited liability company, owns the copyright to the motion picture Good Kill (the "motion picture") (Doc. 11, ¶ 1).  Plaintiff filed this action on November 20, 2015, alleging that Defendant John or Jane Doe, identified only by internet protocol ("IP") address, violated its copyright by downloading the motion picture and sharing it with others using the BitTorrent protocol, which is a type of peer-to-peer file sharing software (Doc. 1).  Through early discovery (Doc. 7), Plaintiff traced Defendant's IP address to one Alec Reece, who was then named as the Defendant in Plaintiff's amended complaint (Doc. 11).  Plaintiff caused its amended complaint and original process to be personally served on Reece on February 22, 2016 (Doc. 14).

The amended complaint alleges that Reece participated in a BitTorrent "swarm" in which numerous persons engaged in mass copyright infringement of the motion picture (Doc. 11, ¶¶ 6-8).  Plaintiff alleges that Reece illegally uploaded and shared the motion picture within the swarm, was a willing and knowing participant in the swarm, and engaged in such participation for the purpose of infringing Plaintiff's copyright (Id., ¶¶ 7-9).  By participating in the swarm, Reece allegedly became both an uploader and downloader of the motion picture (Id., ¶¶ 15-18).  Using the BitTorrent protocol, Reece's distribution of a single unlawful copy of the motion picture could result in the nearly instantaneous worldwide distribution of that copy to an unlimited number of people (Id., ¶ 16).

Reece appeared pro se and filed a motion to dismiss the amended complaint for lack of jurisdiction (Doc. 15).  His motion was denied on April 15, 2016 (Doc. 21).  After his motion was denied, Reece failed to plead or otherwise defend this case and the clerk entered his default on May 12, 2016 (Doc. 27).  Now, Plaintiff seeks the entry of a default final judgment and permanent injunction against Reece (Doc. 28).  Plaintiff also seeks $150,000 in statutory damages, $3,035 in attorney's fees, and $487 in costs.

## II. Discussion

Rule 55(b) of the Federal Rules of Civil Procedure authorizes a court to enter default judgment against a party whose default has been entered by the clerk.  Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations of fact in the plaintiff's complaint.  See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).  But, "a defendant's default does not in itself warrant the court in entering a default judgment," and it "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."  Nishimatsu Const.

Co., Ltd., v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  Along with the requirement that the clerk's entry of default be proper, the court may enter a default judgment only if there is "a sufficient basis in the pleadings for the judgment entered."  Id.  The party seeking default judgment must also comply with the requirements of the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, if applicable.

Reece was served personally and has failed to plead or otherwise defend the case as required by law.  Accordingly, the entry of default by the clerk was proper.  "When service of process is properly effected, but the served party fails to respond in a timely manner, the clerk must enter a default against that party once the district court is informed of that failure."  Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007) (citing FED. R. CIV. P. 55(a)).

In his affidavit of service, the process server states that he inquired and Reece is not in the military service of the United States (Id.).  Therefore, the Servicemembers Civil Relief Act does not prevent the entry of default judgment.

The Court has federal question jurisdiction over Plaintiff's claims for copyright infringement and contributory copyright infringement.  To establish a prima facie case of copyright infringement, two elements must be proven: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991).  "One infringes contributorily by intentionally inducing or encouraging direct infringement …."  Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

The allegations in the amended complaint are sufficient to state a claim for copyright infringement and contributory copyright infringement. Plaintiff holds the copyright registration to the motion picture. Attached to the amended complaint is a copy of the certificate of registration, which has an effective date of April 6, 2015 (Doc. 11, ¶ 1; Doc. 11-1). The certificate of registration "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate" because it was made within five years after first publication of the work. 17 U.S.C. § 410(c).

The amended complaint alleges that Reece uploaded and shared the motion picture with a BitTorrent swarm in which numerous persons engaged in mass copyright infringement of the motion picture (Doc. 11, ¶¶ 6-9). The amended complaint also alleges that Reece's "BitTorrent program used the BitTorrent protocol to initiate simultaneous connections with hundreds of other users possessing and 'sharing' copies of [the motion picture.]" (Id., ¶¶ 10-13). Reece's participation in the swarm made him both an uploader and downloader of the motion picture and made the motion picture available to others "without degradation in sound or picture quality." (Id., ¶ 14).

Plaintiff's investigator verified Reece's participation in the BitTorrent swarm by downloading a portion of the motion picture from Reece (Id., ¶ 10). Based on these well-pled allegations, I find that Plaintiff has sufficiently alleged that Reece copied constituent elements of the motion picture that are original, see Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1233 (11th Cir. 2010) ("If a plaintiff survives a challenge to the originality requirement, they must also prove that 'the copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar.'")), and had sufficient knowledge of his own infringing activity as well as the infringing conduct of others to be held liable for contributory copyright infringement. See Casella v.

Morris, 820 F.2d 362, 365 (11th Cir. 1987) ("The test for contributory infringement has been formulated as 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'").

The Copyright Act permits an award of statutory damages in lieu of actual damages attributable to the infringement. 17 U.S.C. § 504(a)-(c). Statutory damages for each individual act of infringement ordinarily range from $750 to $30,000. 17 U.S.C. § 504(c)(1). Where the copyright owner establishes willful infringement, the court may increase the award of statutory damages, up to a maximum of $150,000 per infringement. 17 U.S.C. § 504(c)(2). Plaintiff has not provided any evidence of its own lost sales, profits, or licensing fees as a result of the infringement to assist the Court in determining the appropriate amount of statutory damages to award. Still, Plaintiff seeks an award of $150,000 in statutory damages. It argues that the maximum statutory damages award is appropriate because Reece's copyright infringement was committed willfully and led to infringement by thousands of other individuals (Doc. 28 at 4, 10).

"The vast majority of other courts assessing statutory damages in similar cases in which the defendants have downloaded copyrighted material via bit torrent have assessed damages of approximately $6,000 based on an inference of willfulness." Bait Prods. Pty Ltd. v. Aguilar, No. 8:13-CV-161-T-31DAB, 2013 WL 5653357, at *6 (M.D. Fla. Oct. 15, 2013) (collecting cases). See also Clear Skies Nevada, LLC v. Salman, No. 8:15-CV-2710-T-30TGW, 2016 WL 2898665, at *2 (M.D. Fla. May 18, 2016) (awarding $6,000 in BitTorrent copyright infringement case); Thompsons Film, LLC v. Velez, No. 6:13-CV-671-ORL-36TB, 2014 WL 3721288, at *1 (M.D. Fla. July 28, 2014) (same). I am persuaded by the reasoning in these cases and recommend that an appropriate

award of statutory damages is $6,000. I find this amount to be particularly appropriate in light of the lack of any evidence of Plaintiff's lost profits or actual damages.

Plaintiff also asks that the Court enjoin Reece from infringing, directly or indirectly, Plaintiff's copyrighted motion picture. The injunction Plaintiff seeks would prohibit Reece's use of the internet to reproduce or copy, distribute, or make the motion picture available to the public without license or express permission. Plaintiff also asks that the Court order Reece to destroy all copies of the motion picture downloaded by him onto any computer hard drive or server or transferred onto any physical medium or device in Reece's possession, custody, or control.

The Copyright Act authorizes temporary or final injunctive relief as a remedy for infringement "on such terms as [the court] may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). To obtain a permanent injunction, a plaintiff must satisfy a four-factor test.

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." Id.

Plaintiff has not provided any evidence of actual damage suffered as a result of Reece's infringement. But, Plaintiff has sufficiently established that Reece's conduct "is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury." (Doc. 11, ¶ 38). Considering the factual allegations in the

amended complaint, the nature of the BitTorrent system, see Patrick Collins, Inc. v. Gillispie, No. 11-CV-01776, 2012 WL 666001, at *4-5 (D. Md. Feb. 23, 2012) ("Given the nature of the BitTorrent system, the Court finds that a permanent injunction is necessary to protect Plaintiff's ownership rights in this instance."), and the nature of the copyrighted work, see Malibu Media, LLC v. Schelling, No. 13-11436, 2014 WL 3400580 (E.D. Mich. July 8, 2014) ("[P]ermanent injunctions are typically granted in situations involving unlawful infringement of copyrights in ... compositions because of the strong probability that unlawful performances of other copyrighted material will occur.'"), I find that Plaintiff has sufficiently established a continuing threat to its copyright.   Cf. Pac. & S. Co., Inc. v. Duncan, 744 F.2d 1490, 1499 (11th Cir. 1984) ("[P]ast infringement and a substantial likelihood of future infringements … normally entitle the copyright holder to a permanent injunction against the infringer pursuant to 17 U.S.C.A. § 502(a) (1977)).

Due to the possibility of future infringement by Reece and others, monetary damages alone are inadequate to compensate Plaintiff for any injury it has sustained or will potentially sustain in the future.   Furthermore, as Reece has not furnished any evidence purporting to show his claim to the works, he would suffer minimal, if any, hardship as a result of the injunction being issued.   Finally, there is no indication that the public interest would be disserved by the issuance of a permanent injunction against Reece.   For these reasons, I find that Plaintiff has satisfied the four-factor test for the requested permanent injunction.

In addressing attorney's fees and costs, the Copyright Act states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.   Except as otherwise provided by this title, the court may also award a

> reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.   Plaintiff has requested $3,035 in attorney's fees and $487 in costs (Doc. 28 at 11).   In the Eleventh Circuit, courts use the lodestar approach to determine reasonable attorney's fees.   Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l, No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 (M.D. Fla. Jan. 6, 2010); Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).   The court determines the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate.   Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 2005) (per curiam); Norman, 836 F.2d at 1299.   The Court must exclude from its calculation "excessive, redundant or otherwise unnecessary" hours.   Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).   "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."   Norman, 836 F.2d at 1299.   "Ultimately, the computation of a fee award is necessarily an exercise in judgment, because '[t]here is no precise rule or formula for making these determinations.'"   Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).

   As the fee applicant, Plaintiff "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."   Norman, 836 F.2d at 1303. Plaintiff can meet this burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates."   Chemische, 2010 WL 98991, at *4.   "[T]he Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services."   Id. (citing Norman, 836 F.2d at 1303).   See also Perez v. Sanford-Orlando Kennel Club, Inc., No.

- 8 -

6:05-cv-269-Orl-28KRS, 2009 WL 2500290, at *2 (M.D. Fla. Aug. 14, 2009) ("It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees.").

Plaintiff's attorney Richard Fee has filed his declaration stating that he has been practicing law since 1989 and is the president of the law firm representing Plaintiff (Doc. 28-1, ¶¶ 2-3).   He reports spending one billable hour at his standard rate of $425 per hour on this case (Id., ¶ 8).   His associate, Catherine Yant spent 11.6 hours on the case (Id.).   Her rate is $225 per hour (Id.).   Based upon the information provided, I find Mr. Fee's rate to be high and Ms. Yant's rate to be reasonable.   I also find the time expended to be reasonable.   Although Mr. Fee's rate appears high, the total amount claimed ($3,035) is reasonable and I recommend Plaintiff be awarded this amount.

Plaintiff's costs include the $400 filing fee; $57 for service of process on Reece; and $30 for information subpoenaed from Bright House Networks, LLC to identify Reece as the Defendant (Id., ¶9).   A prevailing party is generally entitled to an award of all taxable costs incurred in litigating the dispute.   See FED. R. CIV. P. 54(d)(1).   Pursuant to statute,

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title [28 USCS § 1923]; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920.   Applying the statute, I find that the filing fee, fee for service of

process, and the cost of information necessarily obtained to identify Reece are all recoverable. Accordingly, I recommend that Plaintiff be awarded $487 in costs.

### III. Recommendation

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction (Doc. 28) be **GRANTED** to the extent that default final judgment is entered:

(1) Awarding Plaintiff $6,000 in statutory damages with interest thereon as provided by law that is due and payable by Reece.

(2) Awarding Plaintiff $3,035 in attorney's fees and $487 in costs with interest thereon as provided by law that is due and payable by Reece.

(3) Permanently enjoining Reece from directly or indirectly (a) infringing Plaintiff's rights in the copyrighted motion picture, including without limitation by using the internet to reproduce or copy the motion picture; (b) distributing the motion picture; (c) making the motion picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff; (d) requiring Reece to destroy all copies of the motion picture that Reece has downloaded onto any computer hard drive or server without Plaintiff's authorization; and (e) requiring Reece to destroy all copies of the motion picture that have been transferred onto any physical medium or device in Reece's possession, custody, or control.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 15, 2016.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties